**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Tyrone Quick, Appellant.

Appellate Case No. 2016-000540

———————————

Appeal From Marlboro County
Michael G. Nettles, Circuit Court Judge

———————————

Unpublished Opinion No. 2018-UP-315
Submitted June 1, 2018 – Filed July 11, 2018

———————————

**AFFIRMED**

———————————

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Attorney General Melody Jane Brown, and Assistant Attorney General Sherrie Butterbaugh, of Columbia; and Solicitor William Benjamin Rogers, Jr., of Bennettsville, all for Respondent.

———————————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight."); *id.* ("A defendant is entitled to a directed verdict when the [S]tate fails to produce evidence of the offense charged."); *id.* ("When reviewing a denial of a directed verdict, this [c]ourt views the evidence and all reasonable inferences in the light most favorable to the [S]tate."); *id.* at 292-93, 625 S.E.2d at 648 ("If there is *any* direct evidence or *any* substantial circumstantial evidence reasonably tending to prove the guilt of the accused, [this court] must find the case was properly submitted to the jury." (emphasis added)); S.C. Code Ann. § 16-3-10 (2015) ("'Murder' is the killing of any person with malice aforethought, either express or implied."); *State v. Kelsey*, 331 S.C. 50, 62, 502 S.E.2d 63, 69 (1998) ("'Malice' is the wrongful intent to injure another and indicates a wicked or depraved spirit intent on doing wrong."); *State v. Knoten*, 347 S.C. 296, 303, 555 S.E.2d 391, 395 (2001) ("Even when a person's passion has been sufficiently aroused by a legally adequate provocation, if at the time of the killing those passions had cooled or a sufficiently reasonable time had elapsed so that the passions of the ordinary reasonable person would have cooled, the killing would be murder and not manslaughter."); *State v. Bennett*, 415 S.C. 232, 237, 781 S.E.2d 352, 354 (2016) ("[A]lthough the *jury* must consider alternative hypotheses, the *court* must concern itself solely with the existence or non-existence of evidence from which a jury could reasonably infer guilt.  This objective test is founded upon reasonableness.").[1]

**AFFIRMED.**[2]

**SHORT, THOMAS, and HILL, JJ., concur.**

---

[1] We find the issue of whether the circuit court applied an incorrect standard when ruling on Quick's directed verdict motion is unpreserved.  *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court].  Issues not raised and ruled upon in the trial court will not be considered on appeal.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.